UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES CROSBY, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-1224** |
| **PNC BANK, N.A.** | **SECTION: "H"(5)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 9). For the following reasons the Motion is GRANTED IN PART. Plaintiff's unfair trade practices and unfair debt collection practices claims are DISMISSED WITH PREJUDICE, but Plaintiff's claim for breach of contract remains.

## BACKGROUND

Plaintiff filed this action for damages allegedly sustained as a result of Defendant's

1

foreclosure action against his personal residence. Plaintiff claims that, prior to the foreclosure, the parties entered into a contract which modified his loan agreement. Plaintiff alleges that Defendant breached the contract when it initiated foreclosure proceedings. He also asserts claims pursuant to both state and federal unfair trade practices and unfair debt collection practices law. Defendant answered and filed the instant Motion shortly thereafter.

**LEGAL STANDARD**

Rule 12(c) provides that a party may move for judgment on the pleadings, after pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). The standard for determining a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. To be legally sufficient, a complaint must establish more than a "sheer possibility" that the

2

plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

In considering a motion to dismiss for failure to state a claim, a court considers only the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). A court may, at its discretion, exclude matters presented that are outside of the pleadings; however, if the court does not exclude these matters, it must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Plaintiff, in opposition to the Motion, has attached matters outside the pleadings. The Court exercises its discretion and excludes those matters from consideration on this Motion.

**LAW AND ANALYSIS**

Plaintiff asserts three causes of action: breach of contract, unfair trade practices, and unfair debt collection practices. Defendant argues that all three claims should be dismissed. Plaintiff concedes that he lacks standing to bring his unfair trade practices and unfair debt collection practices claims and requests leave to withdraw those claims. Accordingly, Plaintiff's request to withdraw his unfair trade practices and unfair debt collection practices claims is granted and the

claims are dismissed with prejudice. Therefore, the only claim remaining for consideration on the instant Motion is the breach of contract claim.

Defendant asserts two arguments in favor of dismissal. First, Defendant argues that the pleadings demonstrate that the parties never entered into a loan modification agreement. In other words, that there was no contract for Defendant to breach. Second, Defendant argues that Plaintiff's breach of contract claim is precluded by the doctrine of *res judicata* because Plaintiff failed to assert his claim in the foreclosure proceeding.

Defendant's first argument, that the parties never entered into a loan modification agreement, fails. Plaintiff alleges in his Complaint that the parties entered into a loan modification contract and that Defendant's initiation of foreclosure proceedings constituted a breach of that contract. In the context of the instant Motion, the Court is bound to accept these allegations as true. *Iqbal*, 556 U.S. at 678. Defendant attached several documents to it's answer, including the original loan agreement, several blank copies of the loan modification application, and a letter stating that Plaintiff's application for loan modification had been denied.[1] However, all these documents demonstrate is that there is a factual dispute regarding whether the parties in fact entered into a loan modification agreement. Such factual disputes may not be resolved on a motion for judgment on the pleadings.

---

[1] Defendant also argues that any contract modifying Plaintiff's loan is unenforceable under Louisiana Law unless it is in writing. However, because Plaintiff has not alleged that the parties entered into verbal contract, the Court need not address that argument at this time.
4

Additionally, Defendant argues that Plaintiff's claims are precluded by the doctrine of *res judicata*. It is well settled that federal courts, when "asked to give *res judicata* effect to a state court judgment, must give the same preclusive effect to the state court judgment as that state's courts would give to it." *Zatarain v. WDSU-Television, Inc.*, 79 F.3d 1143 (5th Cir. 1996). Defendant argues that Plaintiff's breach of contract claim is precluded by the final judgment in a Louisiana executory process proceeding which resulted in the seizure and sale of Plaintiff's home. Therefore, this Court must apply the Louisiana law of *res judicata*.

In Louisiana, an action will be precluded when (1) there is a prior valid judgment; (2) the prior judgment is final; (3) the parties in the prior suit and the present suit are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Gabriel v. Lafourche Parish Water Dist.*, 112 So. 3d 281, 284 (La. Ct. App. 1st Cir. 2013) (citing *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003)). The parties in the instant matter agree that the first three elements are met. The fourth and fifth elements are disputed. Defendant claims that Plaintiff's breach of contract claim should have been asserted in the executory process proceeding and that his failure to timely assert it results in a waiver of the claim.

Louisiana courts have consistently held that "all defenses and procedural objections to an executory process proceeding are waived if the debtor allows the seizure and sale to proceed

5

uncontested by either a suit for injunction or suspensive appeal." *Plumbing Supply House v. Century Nat'l Bank*, 440 So. 2d 173, 177 (La. Ct. App. 4th Cir. 1983). However, Plaintiff's breach of contract claim is neither a defense nor a procedural objection to the executory process proceeding. Notably, Plaintiff is not seeking to annul the seizure and sale of his home. Instead, he argues that he entered into a valid binding contact wherein Defendant agreed, *inter alia*, that it would not foreclose on his property. Louisiana courts have held that, when a claim could not have been brought in an executory proceeding, the claim may be properly brought in a subsequent proceeding. *Avery v. CitiMortgage, Inc.*, 15 So. 3d 240, 244 (La. Ct. App. 1 Cir. 2009). One example of such a situation is where the claim, if brought in the executory proceeding, would have been subjection to an exception for improper cumulation of actions.

    In Louisiana there are three modes of civil procedure: ordinary, summary and executory. La. Code Civ. Pro. art. 851. The Louisiana Code of Civil Procedure forbids the cumulation of actions which employ different modes of procedure. La. Code Civ. Pro. arts. 462, 463. Thus, under Louisiana law, a breach of contract action (an ordinary proceeding) may not be asserted in an executory proceeding. *Avery*, 15 So. 3d at 244. In *Avery*, the plaintiff brought an ordinary process suit against the bank that foreclosed on his property through executory process. *Id.* at 241. Avery claimed the bank negligently failed to apply payments to his loan account and thus wrongfully determined that the loan was delinquent. *Id.* The bank asserted the exception of *res judicata*, arguing that Avery's claims were precluded by the executory process judgment. *Id.* The *Avery*

6

court held that the executory process judgment did not preclude Avery's subsequent ordinary process action because he could not have properly asserted the negligence claim in the executory proceeding. *Id*. at 244.

Like in *Avery*, Plaintiff brings a claim which he could not have asserted in the executory process proceeding. Therefore, this Court finds that Plaintiff's breach of contract claim is not *res judicata*.

## CONCLUSION

For the foregoing reasons, the Motion for Judgment on the Pleadings is GRANTED IN PART. Plaintiff's unfair trade practices and unfair debt collection practices claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ___ day of December, 2013.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

7